UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>ROBERT JOSEPH PARREIRA (1),<br><br>        Defendant. | Civil No.08cr244-DMS(NLS)<br><br>**REPORT AND RECOMMENDATION FINDING DEFENDANT ROBERT JOSEPH PARREIRA COMPETENT TO ASSIST IN HIS DEFENSE, SUBMIT A PLEA, OR STAND TRIAL** |

### BACKGROUND

Defendant Parreira was arrested on January 17, 2008 and charged by criminal complaint with alien smuggling. On January 31, 2008, he waived indictment and pled not guilty to an Information charging him with Bringing In Illegal Aliens Without Presentation and Aiding and Abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. The Court set a change of plea date of February 7, 2008 that was continued to February 12, 2008. On February 12, 2008, the change of plea did not go forward. Rather, on the joint motion of counsel, the Court ordered that Defendant undergo a competency evaluation by a private psychologist or psychiatrist agreed to by the parties pursuant to 18 U.S.C. § 4241(a). Dr. Bruce Yanofsky, Ph.D., was appointed to conduct the examination. The Court set a competency hearing for March 11, 2008, but on that date the expert report was not yet available, so the Court continued the competency hearing to April 3, 2008. The Court excluded time under the Speedy Trial Act for the period of time between February 12, 2008 and April 3, 2008 pursuant to 18 U.S.C.

§3161(h)(1)(A).[1] On April 3, 2008, the parties appeared before the court for the competency hearing. Dr. Yanofsky's written competency report was received and no evidence was offered to contradict or supplement that report. The court ordered that Dr. Yanofsky's report be <u>filed under seal</u> and advised the parties that it would file a written Report and Recommendation that recommends Judge Sabraw find Defendant competent at the status conference already set on Judge Sabraw's calendar in this case for April 25, 2008 at 11:00 a.m. The court then excluded time between April 3, 2008 and April 25, 2008 pursuant to 18 U.S.C. §3161(h)(1)(A) to allow for the filing and consideration of objections to this court's Report and Recommendation re competency.

## ANALYSIS

The standard for competency to stand trial is whether the defendant ". . . has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -and whether he has a rational as well as a factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960). The *Dusky* standard applies whether the defendant chooses to plead guilty or go to trial. *Godinez v. Moran*, 509 U.S. 389, 399 (1993). As the Supreme Court further explained in *Godinez*, "[r]equiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." *Id*. at 402.

Here, Dr. Yanofsky's uncontradicted expert report [hereafter "Report"] demonstrates by a preponderance of the evidence that the defendant has the present ability to understand the proceedings against him and to assist in his defense, thus meeting the *Dusky* standard. Dr. Yanofsky holds a Ph.D. in clinical, forensic, and neuropsychology. His competency evaluation of Defendant Parreira required two sessions, the first of which was devoted to clinical and competency interviews, while the second involved a battery of tests. The entire evaluation took approximately six hours. During the course of the evaluation, Dr. Yanofsky made behavioral observations which led him to conclude that Defendant was not suffering from any psychosis or responding to internal stimuli during the evaluation. Thus, Dr. Yanofsky considered his evaluation of the Defendant to be valid and reliable. [Report at 4-5.] During

---

[1] The Speedy Trial Act requires that in any case where a not guilty plea to an indictment or information is entered, the trial shall commence within seventy days of the filing of the indictment or information or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). Time is excluded under the Speedy Trial Act for "delay from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

the clinical interview, Dr. Yanofsky took a thorough history from Defendant, including Defendant's developmental history, academic history, military history, relationship/social history, occupational history, criminal history, psychiatric history, substance abuse history, and medical history. [Report at 4-14.] Defendant's psycho-social history reveals that he had a relatively normal childhood after he was removed from his mother at the age of two and adopted by the Parreira family. He graduated from High School and later served in the U.S. Army. While in the service he suffered an apparent brain injury when a grenade went off near him during a training exercise. He received an honorable discharge from the military but was later unable to establish a stable lifestyle, as he traveled extensively and engaged in a variety of different jobs. Since 1997 he reports being homeless. He married twice and fathered one child. With regard to his medical history, Defendant conveyed a history of medical and psychiatric problems, including severe tinnitus (ringing in his ears), headaches, depression, occasional auditory hallucinations, seizures, substance abuse, and suicide attempts.

Dr. Yanofsky conducted a mental status examination and found Defendant to be alert and oriented to person, place, time and situation; found his demeanor and behavior to be appropriate; determined his thought content and speech to be clear and without any apparent thought disorder; and found no evidence that Defendant was then experiencing any hallucinations, delusions or paranoid feelings. He noted that Defendant admitted to a past history of depression and three previous attempts at suicide, but denied any current thoughts of suicidal or homicidal ideation. [Report at 12-13.]

The results of the psychological test battery administered to Defendant reveal a man with low average intelligence who has some impairment associated with visual tasks, immediate memory and to a lessor extent attention and concentration. [Report at 15.] These cognitive deficits, which Dr. Yanofsky attributes to the head trauma Defendant suffered in the army do not compromise Defendant's competency as he can "properly receive, understand and memorize information, which in turn he can later utilize to communicate effectively with others." [Report at 16.] Additionally, Defendant is not currently experiencing psychiatric symptoms that would interfere with his competency. [*Id.*] One of the forensic tests Dr. Yanofsky administered to Defendant is the "Revised Competency Assessment Interview," a semi-structured interview designed to assess an individual's competency to proceed to trial. Defendant's responses to the interview questions reveal that he (1) understands the charges, (2)

appreciates the penalties, (3) appreciates the available defenses, (4) appreciates the functions of the courtroom participants, (5) understands court procedures, (6) is motivated to help himself in the legal process, (7) can appraise the likely outcomes of the process, (8) can assist in planning a defense strategy, (9) can cooperate rationally with counsel, (10), has the capacity to disclose pertinent information to counsel, (11) appreciates the need for testimony in the legal process, (12) appreciates the need to challenge prosecution witnesses, (13) has the ability to manifest appropriate courtroom behavior and (14) the capacity to cope with the stress of incarceration awaiting trial.  Dr. Yanofsky also administered the MacArthur Competence Assessment Tool-Criminal Adjudication (MacCAT-CA) which is a test used to measure three competence related abilities: understanding, reasoning and appreciation.  Defendant's scores on this test suggest that "he is fully competent to proceed with his legal process, given that there is no noticeable or significant impairment in any of the three abilities measured by this empirically derived instrument." [Report at 19.]

In conclusion, Dr. Yanofsky diagnosed Defendant as having a "cognitive disorder" meaning a significant decline in cognitive functions due here to the brain trauma he suffered from the grenade blast. [Report at 21.]  However, in spite of his limitations, Defendant's current level of functioning is still within the "Low Average" range and his abilities are not reduced such that they would compromise his ability to participate in the legal proceedings against him.  Further, while Defendant does suffer from a "mood disorder" manifested as severe depression with psychotic-like features, he is responding well to medication and has been stable for over a month.  According to Dr. Yanofsky, defendant is "currently stable and free of major psychiatric symptoms." [Report at 22.]  Thus, Dr. Yanofsky concludes that "Mr. Parreira is competent and able to participate in his current legal process, enter a plea, or stand trial." [*Id*.]

## **CONCLUSION**

A magistrate judge may properly order a competency evaluation as part of his or her delegated duties pursuant to CrimLR 57.4(c)(9) and 28 U.S.C. § 636(b)(1)(A).  However, case law in the Ninth Circuit suggests that a magistrate judge does not have jurisdiction to make a determination whether a Defendant is competent to stand trial or enter a plea.  In *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1070 (9th Cir. 2004) the Ninth Circuit held that a magistrate judge does not have jurisdiction to

order a defendant involuntarily medicated to restore him to competency as such an order is dispositive of a claim or defense and has crucial implications for defendant's constitutional right to due process of law. In *United States v. George*, 2007 WL 1146395 (D. Ariz.2007) a magistrate judge determined that a logical extension of the holding in *Rivera-Guerrero* is that the question whether a defendant has been restored to competency post-hospitalization must be decided by a district judge or on report and recommendation from a magistrate judge. In *United States v. Porras*, 2006 WL 1652612 (D. Ariz.2006) another magistrate judge in Arizona reached the same conclusion regarding limitations on his jurisdiction to determine competency and therefore prepared a report and recommendation to the district judge that the defendant in that case be found competent to stand trial. Accordingly, the undersigned magistrate judge hereby **RECOMMENDS** based on the uncontradicted expert report of Dr. Yanofsky that Defendant Robert Joseph Parreira be found competent to assist properly in his defense, submit a plea to the charges against him, or stand trial on those charges. Review is *de novo*. 28 U.S.C. § 636(b)(1)(b) and (c).

Pursuant to 28 U.S.C. § 636(b), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. If objections are not timely filed, the party's right to *de novo* review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), cert.denied, 540 U.S. 900 (2003).

**IT IS SO ORDERED**.

DATED: April 3, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge